# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:26-mj-00110-JCN |
| | ) | |
| IBRAHIM AYYUB KHAN | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

**NOW COMES** the Defendant, IBRAHIM AYYUB KHAN, by and through his attorney, Chris A. Nielsen, and hereby respectfully presents to this Honorable Court, Defendant's Sentencing Memorandum.

## SUMMARY

Mr. Kahn asks this Court to consider sentencing him to a sentence of 0 months under both U.S.S.G. § 5D1.1 and the sentencing factors set out in 18 U.S.C. § 3553(a) and in particular the nature and circumstances of the offender, see U.S. v. Martin, 520 F.3d 87, 91(1st Cir. 2008).

## Sentencing Process:

Under Gall v. U.S., 552 U.S. 38 (2007) and U.S. v. Martin, 520 F.3d 87, 91(1st Cir. 2008) the sentencing determination begins with the calculation of the advisory sentencing range. This process starts with the appropriateness of any Guideline departure. Martin, at pg. 91. The Court will then consider case and defendant specific facts as argued by the Government and the Defense for an appropriate sentence under the regime of 18 U.S.C. § 3553(a). The final sentence rests with discretion of the Court, however the Court must provide an explanation of its sentencing determination. See U.S.

v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) At sentencing, a Judge has discretion to reject the Guideline range based upon a policy disagreement with the Guidelines.  U.S. v Spears, 129 S. Ct. 840, 844 (2009); U.S. v. Boardman, 528 F.3d 86, 87 (1st Cir. 2008). Under the 2008 First Circuit case of U.S. v. Thurston, 544 F.3d 22 (1st Cir. 2008) First Circuit Courts are to gauge the procedural soundness and substantive reasonableness of the sentence.  On appeal, "substantive reasonableness" is reviewed on an abuse of discretion standard. Thurston at pg. 25.

### 18 U.S.C. § 3553(a) considerations:

18 U.S.C. § 3553(a) sates in pertinent part that:

"The court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

>    **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>    **(B)** to afford adequate deterrence to criminal conduct;

>    **(C)** to protect the public from further crimes of the defendant; and

>    **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

>    **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guideline,**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code; and …

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to <u>section 994(a)(2) of title 28, United States Code</u>; and…

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

### ARGUMENT

Mr. Kahn accepted responsibility immediately when the first opportunity to do so materialized saving the Government the expense, time and resources necessary to prepare for any and all litigation that Mr. Kahn had a constitutional right to engage in to defend himself against the charge of Improper Entry by Alien (8 U.S.C.S. § 1325). Furthermore, by requesting that the Court go right to sentencing after his change of plea, her has also saved the Government time and recourses from having to prepare a Pre-Sentence Investigation Report. By offering no resistance and accepting responsibility, Mr. Kahn is already entitled to a 2-point reduction in offense level reducing this from an offense level of 8 down to a offense level of 6. As this charge is considered a petty offense, a period of supervised release is not applicable.

With respect to his biographical information, Mr. Kahn comes from a loving family of Arab decent in the United Kingdom. He stems from the third generation of Kahn's that relocated from the Middel East to the United Kingdom in the 1960s. Mr. Kahn grew up in a stable and supportive family environment and is the youngest of five children. He has always been very close to his family and is well loved by everyone in the family all of whom enjoy his company. He has maintained strong relationships with both family and friends and is someone who is popular and well-regarded by those around him. He performed well throughout his time in school and was always regarded as

capable and engaged in his education. He is a kind individual and has always been very well-mannered, with a calm and cooperative nature. Anyone who meets him often comments on how polite, respectful, and well-spoken he is. He enjoys sports and socializing with friends and has always had a positive and sociable outlook. In speaking with his family, they indicated that this situation has been difficult for them, but they are all keen to support Ibrahim in moving forward positively from this unfortunate experience. Overall, his family characterizes Ibrahim as a kind-natured individual with a strong support system.  He is a part owner of restaurant in the United Kingdom that specializes in American cuisine.  Mr. Kahn chose American cuisine because of his fondness for this country that he has visited on several occasions.  Had he a choice, he would want to become a citizen of the United States, however he realizes that his lapse of judgement that resulting in the current single count complaint has forever complicated those ambitions.  This is very upsetting to him as he otherwise has no criminal record and has lead a life of dedication to his family and friends in addition to his community.

All told, Mr. Kahn suggests that this Court not deviate from the standard practice in in cases where a misdemeanor violation of 8 U.S.C.S. § 1325 has been alleged and sentence him to a period of time served so he can be remanded to the custody of ICE and that deportation proceedings can commence as he is eager to return home to the Untied Kingdom.  He has been in the custody of the Government since April 3rd, a period of 32 days as of the date of his plea hearing.  As he should have a criminal history score of I and an offense level of 6, the guideline range of 0 to 6 months is considered by the guideline and therefore a time served sentence is consistent not only with the guidelines, but also with the standard practice of sentencing individuals charged with Improper Entry

by Alien with a time served sentence.  In fact, it is Mr. Kahn's understanding that at least one other member of the party in which Mr. Kahn had crossed over with has already been sentenced to a time served sentence and the same sentence for Mr. Kahn would assure an outcome that avoids unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct under 18 U.S.C. § 3553(a).

WHEREFORE Mr. Kahn asks this Court to consider his arguments contained in his sentencing memorandum and sentence him to a sentence of time served with a period of no supervised release as this charge is considered to be a petty offense.

Dated at Biddeford Maine this 4th day of May, 2026.

/S/ Chris A. Nielsen____
Chris A. Nielsen, Esq.
Attorney for Defendant

THE NIELSEN GROUP.
P.O. Box 351
Biddeford, Maine 04005-1871
(207) 571-8555

## CERTIFICATE OF SERVICE

I, Chris A. Nielsen, Esq., hereby certify that the foregoing Defendant's Sentencing Memorandum has been electronically sent to Asst. U.S. Attorney Craig M. Wolff  for the Office of the United States Attorney on the 25th day of July, 2025, through the court's ECF System, and to counsel of record.

/S/ Chris A. Nielsen____
Chris A. Nielsen, Esq.
Attorney for Defendant

THE NIELSEN GROUP.
P.O. Box 351
Biddeford, Maine 04005-1871
(207) 571-8555